# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ARIAN TAHERZADEH &**<br>**HAIDER ALI,**<br><br>**Defendants.** | Case No. _____<br><br>**18 U.S.C. § 912**<br>**(False Impersonation of an Officer of the United States)**<br><br><br>**FILED UNDER SEAL** |

## GOVERNMENT'S MOTION TO SEAL COMPLAINT AND RELATED DOCUMENTS

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrants in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the Government states as follows:

1. The United States is investigating violations of 18 U.S.C. § 912 (False Impersonation of an Officer of the United States) committed by Arian Taherzadeh and Haider Ali

2. The Affidavit in Support of Criminal Complaint references evidence gathered during the investigation, in furtherance of the crime. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendants, which also may lead to the destruction of evidence in other locations including the digital device. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3.      As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.  But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"  Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4.      In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant.  A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrants are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal.  Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrants, or a resulting sealing order, means that a defendant is charged with a crime, and the Government intends to arrest him/her.  Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrants.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrants, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By: */s/ Joshua Rothstein*
        Joshua Rothstein
        Assistant United States Attorney
        United States Attorney's Office
        N.Y. Bar 4453759
        601 D St. NW Rm. 5.1523
        Washington, D.C. 20001
        Telephone: 202.252.7164
        Email: Joshua.rothstein@usdoj.gov