UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 21-MJ- 76 (GMH) |
| | ) | |
| ARIAN TAHERZADEH | ) | |

**ARIAN TAHERZADEH'S OPPOSITION TO THE
GOVERNMENT'S DETENTION REQUEST**

**INTRODUCTION**

Arian Taherzadeh, through counsel, respectfully opposes the government's motion for detention in this case, and seeks his release on appropriate conditions pursuant to the Bail Reform Act, 18 U.S.C. § 3142. The government's speculative assertions and rhetorical flourishes aside, there is insufficient evidence to demonstrate that Mr. Taherzadeh would be either a risk of obstruction of justice or a danger to the community if he were released into HISP. The government has failed to demonstrate that this is a detainable offense in the first instance or, even it is, that there are no conditions of release that can be fashioned that would reasonably assure the safety of the community.

Mr. Taherzadeh is charged by complaint with impersonation of a federal officer. That offense is not a crime of violence and is not subject to a detention hearing. Moreover, even if the Court believes it is, the government has not, and cannot, demonstrate by clear and convincing evidence that no combination of conditions could assure the safety of a person or the community. Therefore, the law requires Mr. Taherzadeh's release with conditions that will reasonably assure the safety of the community.

1

Mr. Taherzadeh is eligible for placement into HISP and his father would be an appropriate third party custodian. Appropriate conditions would include a restriction that he not possess any firearms or ammunition; that he be monitored on location monitoring; that he stay away from the location where the search warrant was executed; that he reside with his father in Sterling, VA, and remain within a 50 mile radius of that address absent prior approval by pretrial services; that he avoid all contact, directly or indirectly with any person who may be a victim or witness in this case, including his co-defendant, except through counsel; and that he submit to the supervision of the Pretrial Services office as directed. Mr. Taherzadeh agrees to abide by these and any other conditions the Court believes necessary to reasonably ensure the safety of the community.

The Bail Reform Act requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond unless the government has presented clear and convincing evidence that there are no conditions that will "reasonably assure the appearance of the person as required or . . . the safety of any other person or the community." 18 U.S.C. §§ 3142(b), 3142(f)(2)(B). In other words, "the default position of the law . . . is that a defendant should be release pending trial." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (quoting *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)).

If the charged felony is *not* a crime of violence involves the alleged possession of a dangerous weapon, upon motion by the government, the Bail Reform Act requires the court to hold a hearing to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance in court and the safety of persons and the community, 18 U.S.C. § 3142(f)(1)(E); 18 U.S.C. § 3142(f)(2)(A). However, the offense charged in this case

2

does not "involves the possession of a dangerous weapon." The sole charge pending is that of false impersonation of a federal agent in violation of 18 U.S.C. 912:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both.

The charged felony does not involve the possession of a firearm. The offense was committed when the false impersonation occurred. The Watkins case cited by the government is distinguishable. The holding in *United States v. Watkins*, 940 F.3d 152 (2d Cir. 2019) is not applicable here. The Court analyzed whether the charged offense was related to some other violent crime – in that case, the discharge of a firearm. This offense clearly was not.

Even if a detention hearing is warranted, when imposing a condition, or combination of conditions, the court must select the "least restrictive" conditions. 18 U.S.C. § 3142(c)(1)(B Defendants who are charged with certain specified offenses are subject to a rebuttable presumption that no condition, or combination of conditions, can assure the defendant's appearance or ensure the safety of the community, *see* 18 U.S.C. § 3142(e), *but no such presumption exists here*. Rather, the presumption here is that the defendant will be released pending trial unless the government can prove by clear and convincing evidence that pretrial detention is the *only* means by which the community's safety can be assured, 18 U.S.C. § 3142(f)(2)(B); *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996), or can prove by a preponderance of the evidence that no conditions of release can assure the defendant's appearance at future court hearings. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988); *United States v. Hassanshahi*, 989 F. Supp. 2d 110 (D.D.C. 2013).

In determining whether the government has defeated the presumption for release by clear and convincing evidence proving that no combination of conditions can protect a person or the community, the Court must consider four factors: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence; (3) the defendant's character, including his physical and mental condition, family and community ties, past conduct, drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger posed to any person by release. 18 U.S.C. § 3142(g).

### The Nature and Circumstances of the Offenses Charged

The offense charged, false impersonation of a law enforcement officer, is not a crime of violence, and the alleged possession of a firearm does not convert it to a crime of violence. It is an offense with no mandatory minimum, a statutory maximum of three years, and a guideline range of 0 to 6 months.

As the government conceded, the firearm allegedly seized was a registered firearm in the District of Columbia.  The government cites to the denial of a conceal and carry application, but that does not negate the fact that the weapon was registered as permissible within Mr. Teharzadeh's home. And it evidences an attempt to follow the law.  Mr. Teharzadeh clearly did not knowingly violate 18 U.S.C. 922's prohibition of a firearm.  He had to have known that his conviction in Virginia prohibited the possession of a firearm and there is no evidence that he did. In fact, the evidence that he did not is striking.  He registered the firearm in D.C. and sought to abide by the law by seeking a conceal and carry permit. This is evidence that he will abide by any Court imposed obligations on release.

Moreover, as the Court surmised there was no large sum of money involved. The rent on the apartments was not paid by anyone and a default judgement was entered in the amount of

4

$222,000 in January. According to the complaint, the company signed a lease in 2020 but never paid any rent. https://www.cnbc.com/2022/04/08/landlord-of-men-accused-of-impersonating-dhs-agents-won-unpaid-rent-judgment.html. Mr. Teharazadeh has no means to violate the law.

**The Weight of the Evidence Against the Defendant**

According to the proffer of the government, the evidence that Mr. Taherzadeh held himself out as a law enforcement officer is not insignificant, especially in light of how cooperative he was upon his arrest. He waived his Miranda rights and submitted to a 5 and ½ hour interview while handcuffed and under arrest. Not the actions of someone who is a danger to the community or likely to obstruct justice. And, whether the government can prove the elements of the offense is another matter. And more importantly, in determining whether conditions of release can ensure the safety of others, "[t]he weight of the evidence is the least important of the factors and the bail statute neither requires nor permits a pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118, 1121-22 (9th Cir. 1991) (citing *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986)); *accord United States v. Jones*, 566 F. Supp. 2d 288, 292 (D.NY 2008).

**The History and Characteristics of the Defendant**

"[A] defendant's past conduct is important evidence—perhaps the most important—in predicting his probable future conduct." *Pope v. United States*, 739 A.2d 819, 827 (D.C.App. 1999) (quoting *Cruz-Foster v. Foster*, 597 A.2d 927, 930 (D.C.1991)). Mr. Taherzadeh is a 40 year old man with no prior felony convictions. He does have misdemeanor convictions, but they are over a decade old and involved incarceration of just one month total. He actively sought to obey the law – registering his firearm and seeking a conceal and carry weapon.

Mr. Taherzadeh had a license to operate as a special police officer and a private detective, incorporated a company, USSP, which is the name of the company he openly used. (Exh. A.) This was, as Mr. Taherzadeh acknowledged in his statement to law enforcement, an embarrassing misrepresentation that got out of control.

**Risk of Danger to the Community**

Moreover, the Court must assess the risk of future dangerousness, which is a forward looking analysis only. Mr. Taherzadeh could no longer impersonate a federal agent – his name is now well known and no law enforcement officer would mistake him for one of them. Any danger concerning the weapons that were allegedly in his possession has been obviated by the seizure of those weapons. The Court can fashion release conditions that ensure no weapons are obtained or possessed – he will abide by a condition of release that he not possess any firearms or other dangerous weapons.

Mr. Taherzadeh is not a danger to the community. As he advised law enforcement in his lengthy interview, he had no intention of compromising any federal agent. He acknowledged gifts to agents with whom he had a genuine friendship. He acted out of a desire for friendship, not to influence anyone. He never asked for anything from the officers he befriended, never gave them anything for the purpose of gaining something in response, and deeply regrets his involvement in this matter. Moreover, when asked prior to his arrest by the USPS investigator if he was a law enforcement officer, he indicated he was not. (Exh. B)

He can and will abide by any conditions imposed by this Court.

## CONCLUSION

Release conditions including electronic location monitoring and third party custody, would be sufficient to reasonably mitigate any risk to the safety of the community. For all of the reasons stated above, the Court should reject the government's request for pretrial detention and should release Mr. Taherzadeh on appropriate conditions.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Michelle Peterson
Chief Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20004
(202) 208-7500
Shelli_Peterson@fd.org
