UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARIAN TAHERZADEH & HAIDER ALI,<br><br>            Defendants. | Case No. 22-mj-76 |

## ORDER

Late this afternoon, the government lodged with Chambers a motion that seeks to substitute the affidavit it submitted in support of the original complaint in this matter with an amended affidavit. According to the government's motion, the amended affidavit seeks to correct a mistake in the original affidavit and to set forth additional facts it believes supports probable cause to believe that Defendants falsely impersonated federal officers in violation of 18 U.S.C. 912. The government asks the Court to swear the affiant to the amended affidavit, and to enter an order (i) confirming that there remains probable cause for the charge in the original complaint and (ii) substituting the amended affidavit for the original affidavit. The government "does not request that the original Affidavit be removed from the public docket," but "simply requests that the amended affidavit serve as the operative Affidavit in support of probable cause for the charge" in the original complaint. The government's position is that the Court should consider the amended affidavit and the government's other requests *ex parte*.

While Rule 3 of the Federal Rules of Criminal Procedure permits a magistrate judge's *ex parte* consideration of a criminal complaint and affidavit, neither that rule, nor any other, addresses how errors in complaint affidavits that may be material to probable cause are to be corrected, or whether such an amended affidavit offering additional facts in support of probable cause may

properly be substituted by a magistrate judge as the basis for the charge in the original complaint, especially following an arrest of the defendant on the original complaint. Given that Defendants here have been arrested, been appointed counsel, and had an initial appearance on the original complaint and affidavit, the Court believes it is prudent to seek a response from Defendants as to whether they have any legal objection to the procedure the government proposes. The Court needs no assistance with issues regarding the existence of probable cause.

The government has indicated that it does not believe its motion is urgent and has not requested that the Court adjudicate it on an exigent basis this evening. Accordingly, it is hereby

**ORDERED** that Defendants shall provide, by 5:00 p.m. on April 18, 2022, any objection to what the government has proposed, and the legal basis therefore.

Assuming Defendants lodge such an objection, the government is hereby

**ORDERED** to provide its response by 5:00 p.m. on April 19, 2022.

**SO ORDERED.**

Date: April 15, 2022

_____
G. Michael Harvey
United States Magistrate Judge