UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 21-MJ-76 (GMH) |
| | ) | |
| ARIAN TAHERZADEH | ) | |

**ARIAN TAHERZADEH'S RESPONSE TO THE COURT'S ORDER AND OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST TO AMEND THE CRIMINAL COMPLAINT**

Arian Taherzadeh, through counsel, respectfully notes his opposition to the government's ex parte effort to amend the criminal complaint. First, while the government has since provided a copy of its motion and the proposed amended complaint, Mr. Taherzadeh notes that it was inappropriate to file the motion as an ex parte motion. There is no provision for doing so in the Federal Rules of Criminal Procedure, and doing so runs counter to the well-established rule that ex parte communications between the government and the Court in criminal cases are "greatly discouraged and should only be permitted in the rarest of circumstances." *United States v. Napua*, 834 F.2d 1311 (7th Cir. 1987). *See also United States v. Presser*, 828 F.2d 330 (6th Cir. 1987); *United States v. Rezaq*, F.Supp. 697 (D.D.C. 1997); *United States v. Stevens*, 2008 WL 8743218 (D.D.C 2008). Ex parte filings are even to be "rare" in the context of classified information, which this is not. *See e.g. United States v Libby*, 429 F. Supp. 46 (D.D.C. 2006) ("in those rare situations where the government is compelled to make an ex parte [CIPA] Section 4 filing containing arguments in support of immateriality, the government should fully explain why the ex parte filing is necessary and appropriate. The Court will then carefully scrutinize any such filing to determine whether it should remain an ex parte filing or whether it should be served on the defendant").

This Court has similarly ruled in a civil case that ex parte filings are rarely appropriate. In *FTC v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 180 F. Supp. 3d 1 (D.D.C. 2016), this Court noted, "under the law in this Circuit, 'the use of ex parte affidavits is disfavored'" citing *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 580 (D.C.Cir.1996) and *Lykins v. Dep't of Justice*, 725 F.2d 1455, 1465 (D.C.Cir.1984). As this Court noted, "cases warranting the use of ex parte affidavits are usually limited to those implicating national security matters or grand jury proceedings." *Id.* And, this Court noted, "even when ex parte affidavits are permitted, the D.C. Circuit requires the Court to find that the interests of the adversary process are outweighed by other crucial interests," citing *Armstrong*, 97 F.3d at 580. No such interests existed here and it was inappropriate to file the motion ex parte.

The substantive issue the government seeks is equally dubious. The government cites no authority – statutory or otherwise – authorizing the amendment of a criminal complaint at this state of the proceeding. Mr. Taherzadeh was already arrested on a criminal complaint charging him with impersonation of a federal officer in violation of 18 U.S.C. 921, and was ordered released on conditions. There is no basis to amend the criminal complaint more than a week after his arrest as it serves no valid purpose. Impersonation of a federal officer remains the sole charge. Despite the affidavit's mention of "conspiracy" in paragraph 6, conspiracy is **not** a charged offense. The government is not seeking to modify the release conditions already imposed by the Court, and for good reason, as there is no basis for doing so.

The government is understandably concerned that the mistakes in the criminal complaint will be fodder for cross-examination at some later date as either the witness, the affiant or both changed their story, but that can neither be cured by an amended complaint nor is it a basis to add additional allegations in an amended complaint. Moreover, from the pleading, it is obvious

that the government has Brady material that has yet to be disclosed. As the Court advised the government at the initial appearance, the government is required to provide such material in a timely fashion, i.e., now.

    Mr. Taherzadeh has already been arrested and had his initial appearance and detention hearing based upon the original complaint. The defendant objects to the government's proposed course of action as it is highly irregular, without purpose, and not countenanced by the Federal Rules of Criminal Procedure.

                                      Respectfully submitted,

                                      A. J. KRAMER
                                      FEDERAL PUBLIC DEFENDER

                                          /s/
                                      _____

                                      Michelle Peterson
                                      Chief Assistant Federal Public Defender
                                      625 Indiana Avenue, NW
                                      Washington, DC 20004
                                      (202) 208-7500
                                      Shelli_Peterson@fd.org